# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **BRICIA WILLIAMS,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **V.** | ) |
| | ) **CASE NO. _____** |
| **NORTHROP GRUMMAN** | ) |
| **SYSTEMS CORPORATION,** | ) |
| | ) |
| **DEFENDANTS** | ) |

## COMPLAINT

COMES NOW Plaintiff, Bricia Williams, named in the above-styled cause, by and through her attorneys, files her Complaint against Northrop Grumman Systems Corporation, and, in support thereof, shows as follows:

### JURISDICTION AND VENUE

1. This action arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), as amended by Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e – 2000e-17, the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 1 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

2. This Court maintains subject matter jurisdiction under 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1343(a)(4) and 1337.

3.    Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

## PARTIES

4.    Bricia Williams ("Williams" or "Plaintiff"), is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Madison County Alabama, and a citizen of the United States of America.

5.    Northrop Grumman Systems Corporation ("Northrop") is an employer engaged in commerce and otherwise meeting the definitional requirements of 42 U.S.C. § 2000e doing business in the above Judicial District.

## CONDITIONS PRECEDENT

6.    The Plaintiff has timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C.), alleging discrimination on the basis of her race and her sex, against the Defendant. A copy of said Charge of Discrimination is attached hereto and identified as "Exhibit A."

7.    The Plaintiff has received a Notice of Right-to-Sue from the E.E.O.C. and this action is being instituted within ninety (90) days of receipt by Plaintiff of said Notice of Right-to-Sue, a copy of which is attached hereto and identified as "Exhibit B."

## FACTUAL AVERMENTS

8. Bricia Williams began her employment with Northrop on August 6, 2007, as a Security Customer Service Representative in Redondo Beach, California.

9. She was employed at three locations in California before transferring to the Huntsville, Alabama in 2012.

10. Upon her arrival in Huntsville, some of her co-corkers began to openly berate and belittle for her pronunciation of certain English words and for speaking Spanish in the workplace.

11. She complained of this behavior to her direct supervisor, John Skidmore but nothing was done and the harassment continued.

12. In 2014, Ms. Williams was denied Education Assistance to pursue her Doctorate degree relating to her role at the company while her Caucasian counterparts were provided numerous opportunities.

13. In 2015, she was denied a promotion even though the promotion had been requested by her direct supervisor.

14. Later that same year, and in the same pattern of behavior, Ms. Williams was denied attendance to Cyber Security Training until her direct supervisor elevated the request several levels up the chain of command. Ms. Williams also complained of this treatment to John Skidmore and his direct

Supervisor, Brian Jacobs.

15. Due to her complaints, Ms. Williams was ultimately provided AS9011C Training a few days before it began.

16. In early 2016, Ms. Williams first learned she was pregnant and notified her manager, John Skidmore, of her pregnancy on January 10th.

17. The following day, on January 11, 2016, Ms. Williams was called to a meeting with Human Resources Manager Andrew Myer ("Myer") and Business Conduct Officer Elisia Ferguson ("Ferguson") regarding time charging. Ms. Williams denied she had charged time incorrectly.

18. Due to her pregnancy, Plaintiff was unable to deploy to Afghanistan in the Spring as she had been required to do in previous years.

19. In or around late May of 2016, Ms. Williams was called to a second meeting with Myer and Ferguson regarding time charging and the use of an internal Instant Messenger program all Northrop employees use. Ms. Williams denied she charged any time incorrectly or that she had misused the internal Instant Messenger program.

20. After this occurred, Bricia Williams continued to have the confidence of her immediate supervisors and her colleagues, she continued to gain positive reviews and was placed on a variety of top-level projects.

21. Despite this, Max Eddy, Mission Assurance Manager Rob James, and

Nina Creel and Gwen Marshall from Human Resources terminated Ms. Williams due to her race and/or pregnancy on August 22, 2016.

22.   Plaintiff alleges that, at all times relevant hereto, the actions of Myer and Ferguson were intentional and/or done in reckless disregard for Plaintiff's right to work in an environment that is free of racial, sexual, and/or pregnancy-related discrimination.

23.   Plaintiff avers that Defendant made no effort to protect Plaintiff from racial, sex, and/or pregnancy discrimination.

### CAUSES OF ACTION

### Count I
### Race Discrimination Under
### Title VII of The Civil Rights Act Of 1964

24.   The Plaintiff re-asserts the averments set forth in Paragraphs 1 through 2_ hereof, as though fully set forth herein.

25.   The Defendant engaged in a discriminatory practice or discriminatory practices against Plaintiff with malice or reckless indifference to Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

26.   The actions of the Defendant violated Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff prays that this Court:

a.   Declare the conduct engaged in by the Defendants to be in violation of

Plaintiff's rights;

b.  Enjoin the Defendants from engaging in such conduct;

c.  Award Plaintiff compensatory and punitive damages in an amount to be determined by this Court;

d.  Award Plaintiff costs and attorneys' fees; and

e.  Grand such further and other relief as it may deem just and proper.

## Count II
## Race Discrimination Under
## Section 1 of the Civil Rights Act Of 1866

27.  The Plaintiff re-asserts the averments set forth in Paragraphs 1 through 2_ hereof, as though fully set forth herein.

28.  The actions and inactions of the Defendant constituted discrimination on account of Plaintiff's race.

29.  The Defendant purposefully and intentionally discriminated against Plaintiff on account of her race.

30.  The actions and inactions of the Defendant constituted discrimination against Plaintiff in the making and/or enforcing of a contract, as the same is defined in 42 U.S.C. § 1981, as amended.

31.  The actions and inactions of the Defendants violated 42 U.S.C. § 1981, as amended.

WHEREFORE, Plaintiff prays that this Court:

a.  Declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights;

b.  Enjoin the Defendant from engaging in such conduct;

c.  Award Plaintiff compensatory and punitive damages in an amount to be determined by the Court;

d.  Award Plaintiff costs and attorneys' fees; and

e.  Grant such further and other relief as it may deem just and proper.

## COUNT III
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT

32.  Plaintiff reasserts the averments set forth in Paragraphs 1 through 2_ hereof, as though fully set forth herein.

33.  Plaintiff has been subjected to gender discrimination and pregnancy discrimination.

34.  Plaintiff avers Defendant condoned and tolerated the gender discrimination and pregnancy discrimination. Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to the Pregnancy Discrimination Act.

35.  Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory

damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief. The unlawful employment practices complained of were done with malice and/or with reckless indifference to the federally protected rights of Plaintiff.

36. Plaintiff has and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

37. Despite past and ongoing diligent efforts, Plaintiff has been unable to secure comparable alternative employment.

38. The Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, Title VII of the Civil Rights Act of 1866, as amended, and Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to, the Pregnancy Discrimination Act.

WHEREFORE, Plaintiff, Bricia Williams, prays that that this Court:

a. Declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights;

b. Enjoin the Defendant from engaging in such conduct;

c. Award Plaintiff compensatory and punitive damages in an amount to

be determined by the Court;

    d.    Award Plaintiff costs and attorneys' fees; and

    e.    Grant such further and other relief as it may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted this the 5th day of June, 2017.

                          s/ Eric J. Artrip
                          Teri Ryder Mastando (ASB-4507-E53T)
                          Eric J. Artrip (ASB-9673-I68E)
                          MASTANDO & ARTRIP, LLC
                          301 Washington Street, Suite 302
                          Huntsville, Alabama 35801
                          Phone:    (256) 532-2222
                          Fax:       (256) 513-7489
                          teri@mastandoartrip.com
                          artrip@mastandoartrip.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**

    CT Corporation System
    Northrop Grummon Systems Corporation
    2 North Jackson Street
    Suite 605
    Montgomery, AL 36104